MATTHEW D. POWERS (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
PAUL T. EHRLICH (Bar No. 228543)
paul.ehrlich@tensegritylawgroup.com
STEFANI C. SMITH (Bar No. 251305)
Stefani.Smith@tensegritylawgroup.com
ROBERT L. GERRITY (Bar No. 268084)
robert.gerrity@tensegritylawgroup.com
JENNIFER K. ROBINSON (Bar No. 270954)
jen.robinson@tensegritylawgroup.com
NATASHA M. SAPUTO (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
UTSAV GUPTA (Bar No. 305164)
Utsav.Gupta@tensegritylawgroup.com
DANIEL RADKE (Bar No. 307718)
Daniel.Radke@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:     (650) 802-6000
Facsimile:     (650) 802-6001

*Attorneys for Defendant*
*10X Genomics, Inc.*

LIST OF COUNSEL CONTINUED ON SECOND PAGE

## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

#### SAN JOSE DIVISION

| | |
|---|---|
| BIO-RAD LABORATORIES, INC. | Case No. 5:20-cv-03207-SVK |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| 10X GENOMICS, INC., | |
| Defendant. | |

**10X GENOMICS, INC.'S ANSWER TO BIO-RAD LABORATORIES, INC.'S COMPLAINT REGARDING U.S. PATENT NO. 10,190,115 AND 10X GENOMICS INC.'S COUNTERCLAIMS AGAINST BIO-RAD LABORATORIES, INC.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AZRA M. HADZIMEHMEDOVIC (Bar No. 239088)
azra@tensegritylawgroup.com
AARON M. NATHAN (Bar No. 251316)
aaron.nathan@tensegritylawgroup.com
SAMANTHA A. JAMESON (Bar. No. 296411)
samantha.jameson@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
8260 Greensboro Drive, Suite 260
McLean, VA 22102
Telephone:     (703) 940-5033
Facsimile:      (650) 802-6001

*Attorneys for Defendant*
*10X Genomics, Inc.*

10X Genomics, Inc. ("10X") hereby answers the Complaint of Bio-Rad Laboratories, Inc. ("Bio-Rad") as it relates to U.S. Patent No. 10,190,115 (the "115 Patent"), in particular, Count III of the Complaint. On February 5, 2020, 10X served its partial answer subject to its motions to dismiss venue allegations regarding the 115 Patent as well as the entirety of Count III alleging infringement of the 115 Patent. ECF Nos. 24-25. On April 30, 2020, the District Court of Massachusetts denied 10X's motions to dismiss but ordered the transfer of Bio-Rad's claims regarding the 115 Patent to the Northern District of California. ECF No. 103. 10X did not seek to transfer Counts I and II regarding U.S. Patent Nos. 8,871,444 (the "444 Patent") and 9,919,277 (the "277 Patent") and those counts remain pending before the District Court for the District of Massachusetts.  Before transferring this case to this Court, the Massachusetts Court stayed the case for 90 days due to COVID-19, and the stay remains in effect. Because Harvard is only co-plaintiff on Counts I and II that were not transferred to this Court, and Bio-Rad is the only plaintiff for Count III concerning the 115 Patent, Harvard is not a party to this case. 10X hereby answers as follows:

## <u>NATURE OF THE ACTION</u>

1.      10X admits that Bio-Rad purports to bring claims under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted, 10X denies each and every allegation set forth in Paragraph 1 of the Complaint.

2.      10X admits that Plaintiffs purport to bring claims under the patent laws of the United States, Title 35 of the United States Code, which relate to U.S. Patent Nos. 8,871,444 (the "444 Patent") and 9,919,277 (the "277 Patent") before the District of Massachusetts. 10X admits that Exhibit 1 purports to be an uncertified copy of the 444 Patent. 10X admits that Exhibit 14 purports to be an uncertified copy of the 277 Patent. Except as expressly admitted, 10X denies each and every allegation set forth in Paragraph 2 of the Complaint. 10X further states that the counts related to 444 Patent and 277 Patent were not transferred to this Court and are not before it.

3.      10X admits that Bio-Rad purports to bring claims under the patent laws of the United States, Title 35 of the United States Code, which relate to U.S. Patent No. 10,190,115 (the

"115 Patent") before this Court. 10X admits that Exhibit 15 purports to be an uncertified copy of the 115 Patent. Except as expressly admitted, 10X denies each and every allegation set forth in Paragraph 3 of the Complaint.

## THE PARTIES

4.     10X is informed and believes, and on that basis admits, that Bio-Rad is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1000 Alfred Nobel Drive, Hercules, CA 94547. 10X lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 4, and on that basis denies them. 10X further states that the counts relating to the 444 and 277 Patents are not transferred to this Court.

5.     10X is informed and believes, and on that basis admits, that Harvard is a Massachusetts institution with a principal place of business at 1563 Massachusetts Ave., Cambridge, Massachusetts 02138. 10X lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 5 and on that basis denies them.  10X further states that Harvard is not a party to this case.

6.     10X admits that 10X is a corporation organized and existing under the laws of the State of Delaware. 10X denies that its current principal place of business is 7068 Koll Center Parkway, Suite 401, Pleasanton, CA, 94566. 10X's principal place of business is at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

## JURISDICTION AND VENUE

7.     10X admits that Plaintiffs purport to bring claims under the patent laws of the United States, Title 35 of the United States Code. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion set forth in Paragraph 7 of the Complaint.

8.     Paragraph 8 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, 10X admits that this Court has subject matter jurisdiction over this action under Title 28 U.S.C. §§ 1331 and 1338(a).

9.     10X admits that, for the purposes of Count III of the Complaint only, this Court has personal jurisdiction over 10X. 10X also admits that it has sold Next GEM products to customers

in Massachusetts, including to Harvard. 10X denies that it has sold Next GEM products to Boston University or the University of Massachusetts at Boston. 10X denies that venue is convenient with respect to Count III in the District of Massachusetts. Count III has been transferred to the District Court for the Northern District of California. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 9 of the Complaint.

10.     10X admits that, for the purposes of Count III of the Complaint only, this Court has personal jurisdiction over 10X. 10X denies that venue is convenient with respect to Count III in the District of Massachusetts. Count III has been transferred to this Court. 10X admits that Exhibit 20 appears to be a printout of a webpage, titled "10x Single Cell Seminar - Longwood Medical." 10X admits that Paragraph 10 of the Complaint identifies a single seminar that 10X personnel conducted at Longwood Medical in Boston, Massachusetts on September 3, 2019, which included discussion of 10X's proprietary Next GEM platform. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 10 of the Complaint.

11.     10X admits that, for the purposes of Count III of the Complaint only, this Court has personal jurisdiction over 10X. 10X denies that venue is convenient with respect to Count III in the District of Massachusetts. Count III has been transferred to this Court. 10X admits that it has a written license agreement with Harvard ("Harvard-10X License Agreement"). 10X admits that it contended in *Bio-Rad Labs. Inc. v. 10X Genomics, Inc.*, C.A. No. 19-01699-RGA (D. Del. Dec. 4, 2019), ECF No. 13 ("Delaware Litigation"), that it has an implied license to the 444 and 277 Patents arising from the Harvard-10X License Agreement. 10X admits that the Harvard-10X License Agreement states, *inter alia*, the words recited in the block quote in Paragraph 11 of the Complaint. 10X admits that it asserted that "Harvard's claims under the 444 and 277 Patents are barred at least by an implied license arising from the Harvard-10X License Agreement." Delaware Litigation, ECF No. 13, at 3. 10X further admits that it contended in the Delaware Litigation that the quoted forum selection clause applies to Bio-Rad's and Harvard's causes of action for infringement of the 444 and 277 Patents only. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 11 of the Complaint. 10X further states that the counts relating to the 444 and 277 Patents are not transferred to this Court.

1      12.      10X admits that it has a written license agreement with Harvard ("Harvard-10X

2   License Agreement"). 10X admits that it contended in the Delaware Litigation that it has an

3   implied license to the 444 and 277 Patents arising from the Harvard-10X License Agreement. 10X

4   admits that the Harvard-10X License Agreement states, *inter alia*, the words recited in the block

5   quote in Paragraph 11. 10X admits that it asserted that "Harvard's claims under the 444 and 277

6   Patents are barred at least by an implied license arising from the Harvard-10X License

7   Agreement." Delaware Litigation, ECF No. 13, at 3. 10X further admits that it contended in the

8   Delaware Litigation that the quoted forum selection clause applies in this present litigation only to

9   Bio-Rad and Harvard's causes of action for infringement of the 444 and 277 Patents, not the 115

10  Patent. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion

11  contained in Paragraph 12 of the Complaint. 10X further states that the counts relating to the 444

12  and 277 Patents are not transferred to this Court.

13     13.      10X admits that the Complaint purports to base venue in the District Court for the

14  District of Massachusetts on 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b). Except as

15  expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in

16  Paragraph 13 of the Complaint, and 10X reserves its rights with respect to the statement of the

17  District Court for the District of Massachusetts in an order dated April 30, 2020, that that court

18  can exercise pendent venue over the 115 Patent.  ECF 99 at 27.

19                                    **BACKGROUND**

20     14.      10X is without information or knowledge sufficient to form a belief as to the truth

21  of the allegations in Paragraph 14 of the Complaint and, therefore, denies those allegations.

22     15.      10X is without information or knowledge sufficient to form a belief as to the truth

23  of the allegations in Paragraph 15 of the Complaint and, therefore, denies those allegations.

24     16.      10X admits Bio-Rad began offering QuantaLife's droplet digital PCR product in

25  2011 following Bio-Rad's acquisition of QuantaLife. 10X is without information or knowledge

26  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the

27  Complaint and, therefore, denies those allegations.

28

17.    10X denies that "Bio-Rad's droplet digital technology was a breakthrough that greatly advanced the capabilities of PCR and NGS." 10X is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, therefore, denies those allegations.

18.    10X admits that Bio-Rad's ddSEQ Single-Cell Isolator encapsulates single cells and barcodes into subnanoliter droplets, and that cellular lysis and barcoding of cellular messenger RNA occur in those droplets. 10X admits that Bio-Rad's ddSEQ products are used to generate libraries that can be used in sequencing for single cell analysis. 10X is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and, therefore, denies those allegations.

19.    10X is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, denies those allegations.

20.    10X admits, upon information and belief, that Bio-Rad has stated publicly that it has paid $162 million to acquire QuantaLife; that Bio-Rad acquired RainDance Technologies, Inc. ("RainDance"); and that Bio-Rad has stated publicly that it paid $87 million to acquire RainDance. 10X is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, denies those allegations.

21.    10X denies that the technology RainDance licensed from the University of Chicago is "foundational" droplet technology. 10X is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21 of the Complaint and, therefore, denies those allegations.

22.    10X admits that 10X Genomics (then 10X Technologies, Inc.) was founded in Pleasanton, California, in 2012, by Dr. Serge Saxonov, Dr. Benjamin Hindson, and Dr. Kevin Ness, who were former employees of QuantaLife and were briefly employed by Bio-Rad after Bio-Rad purchased QuantaLife. 10X denies the remaining allegations in Paragraph 22.

23.    10X admits that it launched its GemCode™ product line in 2015 based on 10X's GemCode™ (or "GEM") technology, a multifaceted and interdisciplinary set of proprietary techniques relating to Gel Beads in Emulsion ("GEMs"). 10X admits that its GemCode™ products

1    can be used with next generation sequencing techniques and can be used to analyze single cells.

2    10X admits that it launched its Chromium$^{TM}$ product line in 2016 based on 10X's GEM

3    technology. 10X denies any and all remaining allegations and/or legal conclusions set forth in

4    Paragraph 23, and denies that Bio-Rad is entitled to any relief whatsoever.

5              24.    10X admits that in February 2015, RainDance filed a lawsuit in the District of

6    Delaware accusing 10X's GemCode and Chromium products of infringing several patents. 10X

7    admits that Bio-Rad substituted itself as the Plaintiff in that case. 10X admits that after a November

8    2018 jury verdict, which included a finding of willful infringement, in August 2018, the Court

9    granted Plaintiffs Bio-Rad and the University of Chicago a permanent injunction. Any execution

10   or enforcement of the judgment is stayed pending completion of any appeal and for thirty days

11   after, and the U.S. Court of Appeals for the Federal Circuit stayed the injunction during the

12   pendency of the appeal to the extent that 10X may continue to sell the Linked-Reads and CNV

13   products subject to the royalty and deposit requirements set forth in Section III of the district

14   court's injunction order. 10X denies the remaining allegations and/or legal conclusions in

15   Paragraph 24.

16             25.    10X admits that it launched its proprietary Next GEM$^{TM}$ product line in 2019. 10X

17   admits that its proprietary Next GEM$^{TM}$ products include an instrument known as the Chromium

18   Controller and reagent kits for carrying out various genetic analyses, including at least 10X's

19   Chromium Single Cell Gene Expression Solution, Chromium Single Cell Immune Profiling

20   Solution, and Chromium Single Cell ATAC Solution. 10X admits that Exhibit 2 appears to be a

21   brochure, titled "The Power of Massively Parallel Partitioning." 10X admits that Exhibit 3 appears

22   to be a printout of a webpage, titled "The Next GEM Technology." 10X denies any and all

23   remaining allegations and/or legal conclusions set forth in Paragraph 25, and denies that Bio-Rad

24   is entitled to any relief whatsoever.

25             26.    10X admits that it launched its IPO on September 12, 2019. 10X admits that Exhibit

26   4 appears to be a SEC Form S-1 Registration Statement for 10x Genomics, Inc. 10X admits that

27   the Exhibit 4 to the Complaint states, *inter alia*, the words quoted in Paragraph 26. 10X denies any

28

and all remaining allegations and/or legal conclusions set forth in Paragraph 26, and denies that Bio-Rad is entitled to any relief whatsoever.

27.     10X denies any and all allegations and/or legal conclusions set forth in Paragraph 27, and denies that Bio-Rad is entitled to any relief whatsoever.

### COUNTS I AND II

Paragraphs 28-60 pertaining to Counts I and II are not before this Court.

### COUNT III

61.     10X repeats and incorporates by reference each of its responses to Paragraphs 1 through 27 above.

62.     10X admits that Exhibit 15 appears to be an uncertified copy of the 115 Patent, titled "Methods and Compositions for Nucleic Acid Analysis," which states on its face that it was issued on January 29, 2019. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 62 of the Complaint.

63.     10X admits that Serge Saxonov is listed as the inventor on the face of the 115 Patent. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 63 of the Complaint.

64.     10X states that the document attached as Exhibit 17 is not a signed pleading to which 10X is required to respond, or which is amenable to response. To the extent that any response is deemed to be required, 10X denies each and every allegation in Paragraph 32, denies that Exhibit 17 maps each and every claim element to the Next GEM products under direct literal infringement or under the doctrine of equivalents, and denies any infringement of any valid, enforceable asserted claim of the 115 Patent.

65.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 65.

66.     10X denies that Exhibit 18 relates to any allegations and/or legal conclusion regarding 10X's filing of Information Disclosure Statements with the United States Patent Office because it appears to be printout of a webpage titled "Single Cell Sequencing Core." 10X lacks

sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 66.

67.     10X admits it has launched its Next GEM platform. 10X admits that it has launched an IPO. 10X admits that the statement "[w]e currently expect that, by the end of the third quarter of 2019, all Chromium instruments that we sell will operate exclusively with our Next GEM solutions and that our Chromium products utilizing our Next GEM microfluidic chips will constitute substantially all of our Chromium sales by the end of 2020" appears in its Form S-1 filed August 19, 2019.  Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 67.

68.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 68.

69.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 69.

70.     10X admits that it promotes the Next GEM platform on its website. 10X admits that Exhibit 3 of the Complaint, which appears to be a printout of the webpage titled "THE NEXT GEM TECHNOLOGY," contains the statement "proprietary Next GEM technology fuels our Chromium System with an innovative reagent delivery system, set of algorithms and turnkey software analysis tools that enable the discovery of previously inaccessible genetic information at massive rate and scale." Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 70.

71.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 71.

72.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 72.

73.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 73.

74.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 74.

75.     10X admits that the Next GEM platform consists of a microfluidic device and reagents for conducting reactions in droplets. Except as expressly admitted, 10X denies each and every allegation and/or legal conclusion contained in Paragraph 75.

76.     10X denies each and every allegation and/or legal conclusion contained in Paragraph 76.

### RESPONSE TO BIO-RAD'S PRAYER FOR RELIEF

Bio-Rad's prayer for relief states legal conclusions to which no response is required, but to the extent that a response is required, 10X denies them and specifically asserts that Bio-Rad is not entitled to any of the relief sought in its prayer for relief against 10X. Bio-Rad's prayer for relief should be denied in its entirety, with prejudice, and Bio-Rad should take nothing.

### GENERAL DENIAL AND NON-WAIVER

10X denies each and every allegation contained in the Complaint that is not specifically admitted, denied, or otherwise responded to in this Answer. The failure to deny a specific allegation, or assert a specific defense, shall not be deemed an admission of an allegation or a waiver of a defense.

### AFFIRMATIVE AND OTHER DEFENSES

Based on the information presently available to it, or information believed to be available after a reasonable opportunity for further investigation and discovery and without assuming the burden of proof or any other burden it would not otherwise have, 10X asserts the defenses identified below in response to Bio-Rad's allegations relating to the 115 Patent. 10X reserves the right to amend or supplement this Answer with additional defenses as further information is obtained or if Bio-Rad amends its pleadings. 10X asserts each of these defenses in the alternative, without admitting that 10X is in any way liable to Bio-Rad, that Bio-Rad has been or will be injured or damaged in any way, or that Bio-Rad is entitled to any relief whatsoever.

### FIRST DEFENSE

### (NON-INFRINGEMENT)

77.     10X does not and has not infringed any valid and enforceable claim of the 115 Patent. At a minimum, the accused products and activities do not include or practice all the limitations of any independent claim of the 115 Patent.

## SECOND DEFENSE

## (INVALIDITY)

78.     Each claim of the 115 Patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, among other sections, Sections 101 *et seq*., including Sections 101, 102, 103, and/or 112, or the Rules and Regulations of the United States Patent & Trademark Office set forth in Title 37 of the Code of Federal Regulations.

## THIRD DEFENSE

## (PROSECUTION HISTORY ESTOPPEL AND/OR PROSECUTION DISCLAIMER)

79.     On information and belief, Bio-Rad's claims of infringement on the 115 Patent are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer because of admissions, amendments, or statements made to the United States Patent and Trademark Office during prosecution of the applications leading to, or related to, the issuance of the 115 Patent.

## FOURTH DEFENSE

## (EQUITABLE DEFENSES)

80.     On information and belief, Bio-Rad's claims for relief are barred in whole or in part by equitable defenses, including at least the equitable defenses of laches and estoppel.

## FIFTH DEFENSE

## (NO EQUITABLE RELIEF)

81.     On information and belief, Plaintiff is not entitled to equitable relief with respect to the 115 Patent under any theory because Plaintiff has not and will not suffer irreparable harm, are not without adequate remedy at law, the balance of the hardships do not favor entry of an injunction, and/or public policy concerns weigh against any equitable relief.

## SIXTH DEFENSE

## (LIMITATION ON DAMAGES AND FAILURE TO PROVIDE NOTICE)

82.     Bio-Rad's claim for damages is limited by 35 U.S.C. §§ 286, 287, and 288 for the 115 Patent and also by 28 USC § 1498(a). Bio-Rad did not provide notice of its infringement allegations to 10X before filing suit, thus limiting any potential damages in this case.

## SEVENTH DEFENSE

## (FAILURE TO STATE A CLAIM)

83.     Bio-Rad has failed to state a claim on which relief can be granted.

## EIGHTH DEFENSE

## (FAILURE TO MITIGATE)

84.     Bio-Rad has failed to mitigate damages, if any such damages exist.

## NINTH  DEFENSE

## (MISUSE)

85.     The claims of the 115 Patent is unenforceable for patent misuse, including without limitation because Bio-Rad has attempted to impermissibly broaden or extend the scope of the 115 Patent.

## TENTH DEFENSE

## (DUPLICATIVE CLAIMS)

86.     Without admitting that the Complaint states a claim, any remedies Plaintiff has requested are limited to the extent there is an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

## ELEVENTH DEFENSE

## (JUDICIAL ESTOPPEL)

87.     Bio-Rad's claims are barred in whole or in part, based on the doctrine of judicial estoppel, to the extent that Bio-Rad makes arguments in this proceeding that are inconsistent with an argument made in a prior or currently pending proceeding, where Bio-Rad has benefited from that argument in the other proceeding.

## TWELFTH DEFENSE

## (UNCLEAN HANDS)

88.     Bio-Rad's claims are barred by the doctrine of unclean hands, including based on the conduct described in the foregoing affirmative defenses.

## ADDITIONAL DEFENSES

89.     10X reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity that may now exist or in the future be available based on discovery and further factual investigation in this case or Plaintiff amends its pleadings, including without limitation defenses based on inventorship and/or inequitable conduct.

## DECLARATORY JUDGMENT COUNTERCLAIMS

Counterclaim Plaintiff 10X hereby alleges declaratory judgment counterclaims against Bio-Rad.

## NATURE OF ACTION

1.     These are counterclaims for declarations of non-infringement, invalidity, and/or unenforceability of one or more claims of U.S. Patent No. 10,190,115 (the "115 Patent").

## PARTIES

2.     Counterclaim Plaintiff 10X is a Delaware corporation with its principal place of business at 6230 Stoneridge Mall Road, Pleasanton, CA 94588.

3.     Counterclaim Defendant Bio-Rad is a Delaware corporation with its principal place of business at 1000 Alfred Nobel Drive, Hercules, CA 94547.

## JURISDICTION AND VENUE

4.     This is an action for declaratory judgment of non-infringement and invalidity of the 115 Patent arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. An actual case and controversy exists under the Declaratory Judgment Act because Counterclaim Defendant Bio-Rad has sued 10X asserting that the 115 Patents is valid, enforceable, and infringed by 10X, and Counterclaim Plaintiff 10X denies Counterclaim Defendants' allegations. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and 1338(a), in combination with 28 U.S.C. §§ 2201-2202.

5.      Personal jurisdiction and venue in this District over Counterclaim Defendant are proper for the purposes of Count III of the Complaint only.

**BACKGROUND**

6.      On December 18, 2019, Counterclaim Defendant filed a Complaint against 10X, asserting infringement of the 115 Patent. Counterclaim Defendant alleges in the Complaint that Bio-Rad is the assignee of the 115 Patent.

7.      In its Complaint, Bio-Rad expressly accused 10X of infringing the 115 Patent in Count III of the Complaint.

8.      As a result of Counterclaim Defendant's actions and statements, including the filing of the Complaint, an actual and justiciable controversy exists between 10X and Counterclaim Defendant with regard to the validity and infringement of the 115 Patent.

9.      A judicial declaration and determination is necessary and appropriate at this time given Counterclaim Defendant's allegations and in order that 10X may ascertain its rights and duties with respect to the 115 Patent.

**COUNT I**

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,190,115)**

10.      10X restates and incorporates by reference the denials, admissions, allegations, and Affirmative Defenses contained in its Answer and Counterclaims above as if fully set forth herein. 10X further restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Declaratory Judgment Counterclaims.

11.      In their Complaint, Counterclaim Defendant has expressly accused 10X of infringing the 115 Patent.

12.      10X has not been and is not now directly and literally infringing any valid and enforceable claim of the 115 Patent.

13.      10X's manufacture, use, sale, offer for sale, and/or importation into the United States of the Next GEM platform does not infringe any valid and enforceable claim of the 115 Patent at least because neither 10X nor anyone else has used or uses 10X's Next GEM platform to

practice each and every step of the method of the only independent claim of the 115 Patent, claim 1. For example, 10X's products do not, as Bio-Rad contends, involve "said first partitions are degradable upon the application of a stimulus to said first partitions such that contents of a first partition is mixed with contents of a second partition." Bio-Rad accuses Gel Beads as the claimed "first partitions" but fails to provide any support. Gel Beads are not the claimed first partitions within the meaning of the 115 Patent. Further, Bio-Rad has failed to contend how gel beads are "degradable upon the application of a stimulus" and has failed to identify what the alleged stimulus is. Further, because 10X's products do not include the claimed "first partitions," they cannot include the claimed "second partition." Further, Bio-Rad fails to identify the claimed "composition" in 10X's products and fails to show that in 10X's products the "composition" comprises "said first partitions are degradable upon the application of a stimulus to said first partitions such that contents of a first partition is mixed with contents of a second partition."

14.    Additionally, each of the claims of the 115 Patent is invalid as set forth below in Count II of 10X's Declaratory Judgment Counterclaims. An invalid claim cannot be infringed.

15.    In light of the Complaint against 10X, there exists an actual controversy between Counterclaim Defendant and 10X regarding the 115 Patent. Accordingly, a valid and justiciable controversy has arisen and exists between Counterclaim Defendant and 10X with respect to the alleged infringement of the 115 Patent. 10X desires a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties.

16.    10X is entitled to a declaratory judgment that: (a) it has not infringed, and is not infringing, any valid and enforceable claim of the 115 Patent, and (b) it is not liable for any alleged infringement of the 115 Patent.

## COUNT II

## (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,190,115)

17.    10X restates and incorporates by reference the denials, admissions, allegations, and Affirmative Defenses contained in its Answer and Counterclaims above as if fully set forth herein.

10X further restates and incorporates by reference its allegations in paragraphs 1 through 16 of its Declaratory Judgment Counterclaims.

18.     10X contends that the claims of the 115 Patent are invalid for failure to comply with the conditions for patentability, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112. 10X incorporates by reference its invalidity contentions relating to the 115 Patent served on Bio-Rad on March 2, 2020 in the District Court for the District of Massachusetts action. For example, the asserted claims of the 115 Patent are invalid under Section 102 and/or 103 by U.S. Pat. App. Pub. 2011/0033854 A1 ("Drmanac 854") in view of U.S. Pat. App. Pub. 2011/0053798 A1 ("Hindson 798").

## PRAYER FOR RELIEF

WHEREFORE, 10X respectfully requests that the Court enter the following relief in its favor and against Bio-Rad:

        A.  That the Complaint be dismissed with prejudice and Plaintiff takes nothing;

        B.  Judgment in favor of 10X against the Complaint;

        C.  A declaration that the 115 Patent is invalid;

        D.  A declaration that 10X has not directly and literally infringed any claim of the 115 Patent;

        E.  That Bio-Rad be required to pay 10X's attorneys' fees and costs;

        F.  A declaration that the case is an exceptional case and that Bio-Rad be required to pay 10X's attorneys' fees pursuant to 35 U.S.C. § 285;

        G.  A judgment awarding 10X such other and further relief as the Court may deem just, reasonable, and proper.

10X reserves the right to amend its Answer and Counterclaims to raise additional defenses and counterclaims as warranted by subsequent investigation and/or analysis, or Bio-Rad amends its pleadings.

## DEMAND FOR JURY TRIAL

10X acknowledges Bio-Rad's request for a jury trial, and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, 10X also demands a jury trial on all issues so triable.

1

Dated: May 14, 2020

Respectfully submitted,

2

/s/ *Matthew D. Powers*

3

Matthew D. Powers (Bar No. 104795)
Paul T. Ehrlich (Bar No. 228543)

4

Stefani C. Smith (Bar No. 251305)
Robert L. Gerrity (Bar No. 268084)

5

Jennifer K. Robinson (Bar No. 270954)
Natasha M. Saputo (Bar No. 291151)

6

Utsav Gupta (Bar No. 305164)
Daniel Radke (Bar No. 307718)

7

TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650

8

Redwood Shores, CA 94065
Telephone:     (650) 802-6000

9

Facsimile:      (650) 802-6001
matthew.powers@tensegritylawgroup.com

10

paul.ehrlich@tensegritylawgroup.com
Stefani.Smith@tensegritylawgroup.com

11

robert.gerrity@tensegritylawgroup.com
jen.robinson@tensegritylawgroup.com

12

natasha.saputo@tensegritylawgroup.com
Utsav.Gupta@tensegritylawgroup.com

13

Daniel.Radke@tensegritylawgroup.com

14

Azra M. Hadzimehmedovic (Bar No. 239088)
Aaron M. Nathan (Bar No. 251316)

15

Samantha A. Jameson (Bar. No. 296411)
TENSEGRITY LAW GROUP, LLP

16

8260 Greensboro Drive, Suite 260
McLean, VA 22102

17

Telephone:     (703) 940-5033
Facsimile:      (650) 802-6001

18

azra@tensegritylawgroup.com
aaron.nathan@tensegritylawgroup.com

19

samantha.jameson@tensegritylawgroup.com

20

*Attorneys for 10X Genomics, Inc.*

21

22

23

24

25

26

27

28